**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00061-FDW**

| | | |
|---|---|---|
| **HARRY JAMES JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **JOHN DOE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of the civil rights complaint filed by Plaintiff which seeks monetary damages, relief from his criminal judgment, and other relief. For the reasons that follow, this action will be dismissed.

## I.     BACKGROUND

According to the pro se complaint, Plaintiff was found guilty in Cleveland County in Case No. 11CR52811, and sentenced on July 25, 2011. Plaintiff's attorney filed a notice of appeal four days later for a jury trial in superior court but his case was never called for trial. On August 2, 2011, Plaintiff was committed to the North Carolina Department of Public Safety to begin serving his sentence and on April 12, 2013, the charge was dismissed. (Doc. No. 1-1). In his prayer for relief, Plaintiff seeks to have his conviction expunged, compensatory damages, attorney's fees, and a change in county policy to prevent future constitutional violations.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss

1

the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff names four defendants. The first three are "John Doe, Supervisory Official in Clerk's Office"; Jane Elmore, Deputy Clerk of Superior Court; and Allen Norman, Sheriff of Cleveland County. (Doc. No. 1 at 3). Plaintiff does not present any allegations against these defendants, other than to identify them as state employees; therefore the complaint against them will be dismissed against for failure to state a claim.

Plaintiff also names Richard L. Shaffer, Cleveland County District Attorney, as a defendant and he alleges that Mr. Shaffer conspired to prevent a jury trial in an effort to gain "a tactical advantage on pending charges." (Doc. No. 1-1 at 1). Plaintiff's blank assertion that the prosecutor conspired to prevent a jury trial is frivolous and will not support a claim that Mr. Shaffer was acting outside the scope of his duties. Thus, Mr. Shaffer enjoys immunity from suit in a § 1983 action and the claims against him will be dismissed. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Moreover, Plaintiff's complaint, even if it did state a claim, is filed well outside the applicable statute of limitations. "Because there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable provisions limiting the time in which an action [under § 1983] must be brought, must be borrowed from the analogous state statute of limitations." Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991) (internal quotation marks and citation omitted).

Plaintiff's complaint could be read to state a claim for personal injury or false imprisonment, both of which are subject to a three-year statute of limitations. See N.C. Gen. Stat. § 1-52(5) and (19). According to the website of the North Carolina Department of Public Safety (DPS), Plaintiff was in fact convicted in Case No. 11-CR-52811 on July 25, 2011, on a charge of violation of a protective order – as Class A1 Misdemeanor – and he was sentenced to a 5-month term which he began serving on the date of his conviction.[1] Plaintiff was released on November 8, 2011. Plaintiff's complaint was filed on March 19, 2015. Thus, it is filed well outside the applicable statute of limitations.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief and the complaint it will be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

---

[1] Plaintiff attaches a printout from the website to his complaint. (Doc. No. 1-2 at 4).
[2] The Court notes that according to the DPS website, Plaintiff is currently a prisoner of the State of North Carolina following his conviction on a charge of first-degree kidnapping on February 18, 2013, and his projected release date is November 23, 2018. See 28 U.S.C. § 1915A(b)(1).

3

**IT IS SO ORDERED.**

Signed: March 24, 2015

Frank D. Whitney
Chief United States District Judge